UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

In re:

    IRENE S. CHAFFEE,                                                           Chapter 7

                                   Debtor.                            Case No.: 07-11636

-----------------------------------------------------------------

SARA CHAFFEE,

                                   Plaintiff,                        Adv. No.: 07-90171

                            v.

IRENE S. CHAFFEE,

                                   Defendant.

-----------------------------------------------------------------

APPEARANCES:

Richard Croak, Esq.
*Attorney for Defendant*
314 Great Oaks Boulevard
Albany, NY 12203

DerOhannesian & DerOhannesian                   Jennifer Zegarelli, Esq.
*Attorneys for Plaintiff*                                          Paul DerOhannesian, Esq.
677 Broadway, Suite 202
Albany, NY 12207

Hon. Robert E. Littlefield, Jr., Chief United States Bankruptcy Judge

## MEMORANDUM-DECISION AND ORDER

      Irene S. Chaffee ("Defendant") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Sara Chaffee ("Plaintiff") commenced the above-captioned adversary proceeding to have certain judgment debt owed to the Plaintiff by the Defendant deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The Plaintiff moved for and was denied summary judgment. Thereafter, this court conducted a trial.

1

The court assumes familiarity with its summary judgment order in this action, *Chaffee v. Chaffee (In re Chaffee)*, Ch. 7 Case No. 07-11636, Adv. No. 07-90171, 2009 Bankr. LEXIS 2644 (Bankr. N.D.N.Y. Jan. 12, 2009), *aff'd*, 09-MC-0014, 2009 U.S. Dist. LEXIS 45344 (N.D.N.Y. May 29, 2009). Missing from the summary judgment record was the underlying complaint in state court and the order awarding damages against the Defendant and in favor of the Plaintiff. A certified copy of the Decision & Order from the New York State Supreme Court, submitted as an exhibit at trial, reads in relevant part as follows:

> Plaintiff brought this action to recover for injuries she has suffered from incidents occurring in November 2000 in which she was sexually assaulted on multiple occasions in her home by her step-father. In addition to causes of action for assault, battery and negligent infliction of emotional distress against defendant George Washington Chaffee, ***plaintiff has also alleged a cause of action for negligent infliction of emotional distress against Irene Chaffee, her mother.*** The cause of action against her mother is based on allegations that the mother failed to prevent, stop, report, or otherwise acknowledge the sexual abuse. Both defendants have defaulted in answering the complaint and plaintiff has now moved for a default judgment against each of them.
> CPLR 3215(f) requires a party moving for default judgment to submit either an affidavit asserting the facts that comprise the claim or a verified complaint, in which case the verified complaint may serve as the affidavit of merits (*Hann v Morrison*, 247 AD2d 706). The court retains the discretionary obligation to determine whether the applicant has met the burden of stating a prima facie cause of action and if the court determines that the complaint or affidavit of facts fail to establish a prima facie case, the applicant is not entitled to the requested relief, even on default (*Dyno v. Rose*, 260 AD2d 694).
> In support of the application, plaintiff has submitted a copy of the summons and complaint. In addition, plaintiff has provided an affidavit showing service of the summons and complaint and proof of defendant's failure to appear or answer. In the affidavit by plaintiff, she sets forth the facts supporting each of the seven causes of action pled in the complaint. The affidavit is sufficient to make out a prima facie claim with respect to each of the causes of action. ***Accordingly, plaintiff is awarded judgment on the issue of liability on*** the two causes of action for assault, two causes of action for battery and one cause of action for negligent infliction of emotional distress against defendant George Washington Chaffee and ***one cause of action against Irene Chaffee for negligent infliction of emotional distress.*** An inquest on the issue of damages will be conducted on <u>April 3, 2006 at 10:00 a.m.</u> in Room 274 of the Albany County Courthouse. Plaintiff is directed to serve notice of the inquest upon each of the defendants.

(Pl.'s Ex. 9 (emphasis added).)[1] An inquest on the issue of damages was conducted on November 27, 2006 before New York State Supreme Court Justice John C. Egan, Jr. The Defendant appeared at the inquest. Plaintiff was awarded over $3.75 million, which she now seeks to exclude from Defendant's discharge in bankruptcy.

Section 523(a)(6) excepts from discharge debts incurred "for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6). The Supreme Court of the United States held that debts arising from negligently or recklessly inflicted injuries do not fall within the exception from discharge provided by § 523(a)(6). *Kawaauhau v. Geiger*, 523 U.S. 57, 64 (1998). In this case, the state court judgment was entered on default and was based on Plaintiff's complaint. Neither the complaint nor the accompanying affidavit alleged willful or malicious conduct. (*See* Pl.'s Exs. 8, 9, 10.) Rather, the Plaintiff alleged only that the Defendant acted negligently. As a result, the state court default judgment was based on negligence. Because New York courts would give preclusive effect to the New York default judgment, this court is required to do so as well. *See Wharton v. Shiver (In re Shiver)*, 396 B.R. 110, 117–23 (Bankr. S.D.N.Y. 2008) (citations omitted). This court is bound by the liability determination in the state judgment. *Id.* Because the state judgment was based only on *negligent* infliction of emotional distress, the judgment debt does not fall within the dischargeability exception provided by § 523(a)(6).

The record relates harrowing accounts of abuse. While the court is sympathetic to Plaintiff's plight, it has no authority to award the requested relief. Presumably for her own good reasons, Plaintiff sought a judgment based on negligence in the state court action, and

---

[1] This document was received at trial along with a number of other documentary exhibits offered and admitted on consent. The parties offered no testimony with respect to this document. The court is perplexed as to why the parties did not address this document, either at trial, or in their subsequently filed memoranda. It only came to light upon the court's own review of the exhibits. Had the document come to light earlier, this case would have been subject to resolution by a dispositive motion.

successfully obtained a judgment for $3,750,000.00, along with interest of $22,950.00, for a total judgment of $3,772,950.00. Judgments grounded in negligence, however, are dischargeable in bankruptcy. Victims seeking redress for their injuries face a difficult choice—plead negligence, for whatever reason,[2] or plead intent, so that the claim falls outside a debtor's discharge in bankruptcy. Until and unless Congress amends the Bankruptcy Code, that choice can lead to the result in this case.

Based upon the foregoing, the complaint is dismissed.

It is so ORDERED.

Dated: August 10, 2010               /s/ Robert E. Littlefield, Jr.
                                     Hon. Robert E. Littlefield, Jr.
                                     Chief United States Bankruptcy Judge

---

[2] Perhaps one reason is that intentional conduct does not constitute an accident so as to fall within a defendant's insurance policy coverage.